Leonard R. Berman
9220 SW Barbur Blvd.., Suite 119, Box 180
Portland, OR 97219
(503) 516-3715
OSB # 96040
Easyrabbi@yahoo.com

ATTORNEY FOR PLAINTIFF(S)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

|  |  |
|---|---|
| MERRICK BONNEAU, Individually and on behalf of a class of others similarly situated, | Case No. CV 3:18-cv-518 |
|  | **CLASS ACTION COMPLAINT** |
|  | **(Bivens, 42 USC Sec, 1983)** |
| Plaintiff(s), | **JURY TRIAL DEMANDED** |
| v. |  |
| CITY OF PORTLAND, GUY GINO, Personally, CHRISTOPHER DEVLIN, Personally, SCOTT GROSHONG, Personally, OFFICER CASTANEDA, Personally, MICHAEL JONES, Personally, TIMOTHY ROBINSON, Personally, |  |
| Defendants. |  |

1
COMPLAINT

# I. INTRODUCTION

This is a class action brought to redress the deprivation by Defendants of rights secured to the Plaintiffs and proposed Class by the United States Constitution and the laws of the United States of America. For at least the past several years, the Portland Police Department (hereinafter, PPB) has had a policy of detaining, charging, and arresting citizens absent reasonable suspicion to detain and probable cause to arrest at Amtrak, bus station, the airport or other points of public transportation. By information and belief, this policy is, in part, derived from the de facto customs, practices and/or written procedures of the aforementioned PPB, and Homeland Security and was promulgated by senior Department officials, named individually above. Merrick Bonneau hereby brings a Federal Tort Claims Act action, a Bivens claim against SA Gino. individual claims and, in the alternative, class action claims against the City of Portland and a pending a Federal Tort claims Act Notice denial, the United States for these violations.

1. Pursuant to 42 USC §1983, Plaintiff Merrick Bonneau, a mixed-race, visible minority, alleges that Defendants violated his 4th Amendment rights by subjecting or causing him to be subjected to detention, arrest and false imprisonment without reasonable suspicion and/or probable cause.

2. Plaintiff seeks an award of economic damages, non-economic damages, and attorney

2
    COMPLAINT

fees and litigation expenses/costs against Defendants. Plaintiff also seeks an award of punitive damages against individual defendants under federal law, and a Bivens claim against SA Gino.

3. In the alternative, plaintiff pleads a class action claim pending discovery.

## II. JURISDICTION

4. This Court has jurisdiction over Plaintiffs' claims by virtue of 28 USC §§1331, 1343, and 1367.

## III. PARTIES

5. At all material times herein, Plaintiff Merrick Bonneau was a resident of Multnomah County in the State of Oregon.

6. At all material times herein, named defendants were employees acting within the course and scope of their employment . SA Guy Gino is a United States employee. Christopher Devlin, Scott Groshong, Castaneda, Jones and Robinson are all City of Portland employees.

7. At all material times herein, Defendant City of Portland ("City") was and is a public body responsible under state law for the acts and omissions of its law enforcement officers and other employees, including those whose conduct is at issue herein.

8. Plaintiffs are pleading individual claims and in the alternative, a Class Action, pending further discovery.

9. At all times material herein, Defendants acted under color of state law.

## IV. FACTS

10. Mr. Bonneau was a law-abiding citizen returning home on federal land at Amtrak, located at 800 SW Sixth Avenue Portland, on April 13, 2016, at 10:09 a.m. when SA Guy Gino, HS1, a federal officer, and Portland police officers Groshong, Devlin, Jones, Castaneda and Robinson, accosted plaintiff without reasonable suspicion or probable cause, with K-9 Rex and insisted on inspecting his bags.

11. He refused.

12. They detained ,cuffed ,and arrested him, and held him without charges or any justification in the US Courthouse basement, before releasing him 6 hours later without charges or justification until after he allowed them to watch them open his bags. Rather than watch, they actively searched his bags without a warrant or exigent circumstances. He never signed a consent to search form.

13. His family feared he was abducted when he did not meet them at 10 am.

14. These actions violated his right to avoid unreasonable searches and seizures under the 4th Amendment.

COMPLAINT

15. He received no charges or any documentation of his detention except for a property receipt received in the mail a week later The PPB report cites "not an offense," Total recovered $10", "Detained and released."

16. A Tort claim notice issued to thecity of Portland on or about

17. By information and belief, The United states nor City of Portland, its Police Department, and its officials, had ever disciplined a Law Officer who, while acting in the line of duty, arrested or stopped an innocent citizen without reasonable suspicion or probable cause through intentional conduct, negligence, neglect of duty, incompetence, and/or inefficiency. This well-established refusal to discipline constitutes an official well-established practice of the City and its police department to support, condone, and ratify the unlawful and unconstitutional arrests and stops of innocent citizens. Further they promulgated per se uncontstitutional policy to stop and detain/arrest law-abiding citizens absent reasonable suspicion or probable cause per their HIDTA (High Intensity Drug Trafficking Area) policies.

18. As a direct result of the above conduct by Defendants, Mr. Bonneau has suffered and endured emotional distress, embarrassment, and social ostracism.

19.A Federal Tort Clam Notice issued to the depatment of Homeland security on or about March 21, 2018.

20. Defendants' acted with a conscious disregard for Mr. Bonneau's constitutional rights.

21. In addition, defendants' conduct was wanton, reckless and in disregard for Mr. Bonneau's well-established constitutional rights.

COMPLAINT

## V. MERRICK BONNEAU"S FIRST CLAIM FOR RELIEF

### (§1983 – 4th Amendment Violation)

22. As applicable, Plaintiff incorporates the above.

23. As described above, all individual defendants violated Mr. Bonneau's right not to be subjected to arrest without probable cause, as guaranteed by the 4th Amendment of the United States Constitution.

24. As described above, one or more of the City's policies, official well-established practices or acts caused the violation of Mr. Bonneau's right not to be subjected to detention and/or arrest arrest or search of his perosn and/or property without probable cause, as guaranteed by the 4th Amendment of the United States Constitution.

25. As a result of the above, Mr. Bonneau is entitled to an award of economic and noneconomic damages against all individual defendants in amounts to be determined at trial.

26. As a result of the above, Mr. Bonneau is entitled to an award of punitive damages against all individual defendants in an amount to be determined at trial.

27. Mr. Bonneau should be awarded his attorney fees and litigation expenses/costs against Defendants pursuant to 42 USC §1988.

## VI. CLASS ACTION CLAIM

**28. Merrick** Bonneau bring this action on behalf of himself, and on behalf of a class of hundreds , if not thousands of other citizens who were detained, charged and arrested absent reasonable suspicion and probable cause, , by the PPB since April 13, 2016. With this as a background, Plaintiff through counsel, hereby complains as follows:

29. This Court has jurisdiction over this action under the provisions of 28 U.S.C. §§ 1331, 1341 & 1343 because it is filed to obtain compensatory damages, punitive damages, and injunctive relief for the deprivation, under color of state law, of the rights of citizens of the United States secured by the Constitution and federal law pursuant to 42 U.S.C. §§ 1981 & 1983. This Court also has jurisdiction over this action under the provisions of 28 U.S.C. § 2201, as it is filed to obtain declaratory relief relative to the Constitutionality of the policies of a local government. Venue is proper under 28 U.S.C. § 1391(e)(2) because the events giving rise to Plaintiffs' claims and those of proposed class members occurred in this judicial district..

## CLASS ACTION ALLEGATIONS

30. Plaintiff(s) bring this action pursuant to Rules 23(b)(1), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and a class of similarly situated individuals who were detained, charged and arrested without probable cause.

31. The class that Plaintiffs seek to represent is defined as follows:

> All persons who have been or will be detained, charged and /or arrested for alleged violations and/or offenses by PPB/ United States agents absent reasonable suspicion and probable cause. The class period commences on April 13, 2016 and extends to the date on which City of Portland and the United States are enjoined from, or otherwise cease, enforcing their unconstitutional policy, practice and custom of illegal detentions, charges and arrests without probable cause. Specifically excluded from the class are Defendants and any and all of their respective affiliates, legal representatives, heirs, successors, employees or assignees.

32. This action has been brought and may properly be maintained as a class action under Federal law and satisfies the numerosity, commonality, typicality and adequacy requirements for maintaining a class action under Fed. R. Civ. P. 23(a).

33. The members of the class are so numerous as to render joinder impracticable. Upon information and belief, there are hundreds of people arrested and detained who are placed into the custody of the PPB/ US every month for dubious violations and offenses– many of whom are members of the proposed class. Upon . information and belief, the size of the proposed class totals at least 1,000 individuals, some of whom have had their civil rights violated on multiple occasions.

34. Upon information and belief, joinder of all of these individuals is impracticable because of the large number of class members and the fact that class members are likely dispersed over a large geographical area, with some members presently residing outside of the County and this Judicial District. Furthermore, upon information and belief, many members of the class are low-income persons, may not speak English, and likely would have great difficulty in pursuing their rights individually.

35. Common questions of law and fact exist as to all members of the Class, in that they all had their right to be free from unreasonable detentions, searches and seizures violated by Defendants' for illegal stops and arrests. All members of the class were placed into the custody of PPB/US, in violation of the clearly established law in this judicial circuit.

36. Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs and all members of the class sustained damages arising out of Defendants' course of conduct. The harms suffered by the Plaintiff are typical of the harms suffered by the class members.

37. The representative Plaintiffs have the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of the Class. Plaintiffs have no interests that are adverse to the interests of the members of the Class.

38. Plaintiffs have retained counsel who has substantial experience and success in the prosecution of civil rights litigation, in addition to class actions.

39. Counsel for Plaintiffs knows of no conflicts among members of the class, or between counsel and members of the class.

40. This action, in part, seeks declaratory and injunctive relief.  As such, the Plaintiffs seek class certification under Fed. R. Civ. P. 23(b)(2), in that all class members were subject to the same policy of illegal stops and arrests. In short, the aforementioned City Departments, the Policy Making Defendants and City Officers acted on grounds generally applicable to all class members.

41. In addition to certification under Rule 23(b)(2), and in the alternative, Plaintiffs seek certification under Rule 23(b)(3).

42.. Common questions of law and fact exist as to all members of the Class, and predominate over any questions that affect only individual members of the Class. These common questions of law and fact include, without limitation, the common and predominate question of whether the Defendants' written and/or *de facto* policy/practice of illegal stops, charges and arrests, in an unreasonable fashion, is a violation of the Fourth and Fourteenth Amendments to the United States Constitution, and whether such a written and/or *de facto* policy existed during the class period.

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all of the individual members of the class is impracticable given the large number of class members and the fact that they are dispersed over a large geographical area.  Furthermore, the expense and burden of individual litigation would make it difficult or impossible for

individual members of the class to redress the wrongs done to them. The cost to the federal court system of adjudicating thousands of individual cases would be enormous. Individualized litigation would also magnify the delay and expense to all parties and the court system. By contrast, the conduct of this action as a class action in this District presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each member of the Class.

44. Upon information and belief, there are no other actions pending to address the Defendants' flagrant violation of the civil rights of thousands of individuals, even though the Defendants have maintained their illegal motor vehicle enforcement regimen for the past several years. In the alternative to certification under Fed. R. Civ. P. 23(b)(3), Plaintiffs also seek partial certification under Fed. R. Civ. P. 23(c)(4).

# FACTS

## Facts Applicable to the Class Generally

45. The Fourth Amendment of the United States Constitution prohibits state officials, such as the Policy Making Defendants in this action and the City Officers they supervise, and federal officials from instigating stops and arrests in an unreasonable fashion.

46. Upon information and belief, the Portland Police Bureau (PPB), the USA and the Policy Making Defendant have instituted a written and/or *de facto* policy, custom or practice of detaining, charging and arresting suspects without a warrant, reasonable suspicion and probable cause.

47. The aforementioned PPB, and the Policy Making Defendant know that they may not institute, enforce or permit enforcement of a policy or practice of conducting citizens stops, detentions and arrests without a warrant or probable cause..

48. The Defendants' written and/or *de facto* policy, practice and custom mandating such stops and /or arrests at Amtrak and Greyhound and other common carriers absent probable cause has been promulgated, effectuated and/or enforced in bad faith and contrary to clearly established law.

49. Upon information and belief, the aforementioned PPB and USA and Policy Making Defendant have promulgated, implemented, enforced, and/or failed to rectify a written and/or *de facto* policy, practice or custom of conducting stops and arrests unreasonably.

.

50. Pursuant to this written and/or *de facto* policy, each member of the Class, including the named Plaintiffs, were the victims of a written and/or *de facto* policy, practice or custom of conducting stops and arrests unreasonably.

51. As a direct and proximate result of the written and/or *de facto* policy, practice or custom of conducting stops and arrests unreasonably– each member of the class, including the named Plaintiffs – have suffered or will suffer psychological pain, humiliation, suffering and mental anguish.

## CAUSES OF ACTION

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**Violation of Constitutional Rights Under Color of State Law**

**-- Failure to Implement Municipal Policies to Avoid Constitutional Deprivations Under of Color of State Law --**

52. Plaintiffs incorporate by reference and realleges each and every allegation stated in paragraphs 1 through 51.

53. The Fourth Amendment of the United States Constitution protects citizens from officers conducting stops and arrests in an unreasonable manner.

54. The actions of Defendants detailed above violated Plaintiff's rights under the United States Constitution. Simply put, it was not objectively reasonable for PPB or US Officers to detain and arrest Plaintiff and class members absent reasonable suspicion and probable

cause.  It was also not objectively reasonable for the Policy Making Defendant to order/ direct City Officers to conduct such arrests.

55. These stops and arrests were conducted pursuant to the policy, custom or practice of the City and the City's Department.  As such, the City is directly liable for the damages of the named Plaintiffs and members of the Class.

56. Upon information and belief, the aforementioned Chief of Police is responsible for establishing the policies and procedures to be utilized in the, implementation of the policy questioned in this lawsuit.  As such, each named individual is individually responsible for the damages of the named Plaintiffs and members of the Class.

57.  Named individuals knew that the policy was illegal, and acted willfully, knowingly, and with specific intent to deprive Plaintiffs and members of the Class of their Constitutional rights.

59.  This conduct on the part of all Defendants represents a violation of 42 U.S.C. § 1983, given that their actions were undertaken under color of state law.

58. As a direct and proximate result of the unconstitutional acts described above, Plaintiffs and members of the proposed class have been irreparably injured.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**-- Demand for Declaratory Judgment --**

**60**. Plaintiffs incorporate by reference and realleges each and every allegation stated in paragraphs1 through 59.

61. The policy, custom and practice of the United States and City Departments, the City and the Policy Making Defendant are clearly unconstitutional, in that these entities and individuals are directing/conducting illegal stops and arrests without probable cause.

62. Plaintiffs and members of the Class request that this Court issue a declaratory judgment, and that it declare the unreasonable detention and arrest policy of the City and the City Departments to be unconstitutional.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**-- Demand for Preliminary and Permanent Injunction --**

**6**3.  Plaintiffs incorporate by reference and realleges each and every allegation stated in paragraphs 1 through 62.

64. The policy, custom and practice of the United States and the City Departments, the City and the Policy Making Defendant are clearly unconstitutional, in that these entities and individuals are directing/conducting illegal detentions and arrests without probable cause.

65. Upon information and belief, this policy is currently in place at the named PPB and US offices, with new and/or prospective members of the Class being subjected to the harms that have already been inflicted upon the named Plaintiffs.

66. The continuing pattern of illegal stops and arrests will cause irreparable harm to the new and/or prospective members of the Class, an adequate remedy for which does not exist at law.

67. Plaintiffs demand that the the US and City, the City Departments, the Policy Making Defendant and City Officers immediately desist from unreasonable stops and arrests and seek both a preliminary and permanent injunction from this Court ordering as much.

## DEMAND FOR PUNITIVE DAMAGES

68. The actions of the Individual Defendants detailed herein are outrageous, in that they continue to propagate an illegal detention and arrest policy even though they know for a fact that their actions are unconstitutional.

69. It is clear that the Policy Making Defendant, the United States, City and the City Departments and all other named defendant counties have no respect for the civil rights of individual citizens or for the rule of law. Consequently, an award of punitive damages is necessary to punish the Policy Making Defendants, and to send a message to them that the requirements of the United States Constitution also apply to government officials in all named counties.

## DEMAND FOR TRIAL BY JURY

70. The Plaintiff(s) hereby demand trials by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Merrick Bonneau on behalf of himself and on behalf of a class of others similarly situated, request that this Honorable Court grants them the following relief:

A.		An order certifying this action as a class action pursuant to Fed. R. Civ. P. 23.

B. A judgment against all Defendants, jointly and severally on Plaintiffs' First Cause of Action detailed herein, awarding Compensatory Damages to each named Plaintiff and each member of the proposed class in an amount to be determined by a Jury and/or the Court on both an individual and a class wide basis.

C. A judgment against each individual Defendant on Plaintiffs' First Cause of Action for $1,000,000.00 in punitive damages for each.

D. A declaratory judgment against all Defendants declaring the aforementioned City and City Departments' policies, practices and customs of detentions and arrests in an unreasonable fashion unconstitutional.

E. A preliminary and permanent injunction enjoining Defendants from continuing to conduct illegal stops and arrests in an unreasonable fashion.

F. A monetary award for attorney's fees and the costs of this action, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 23

**DATED** this 26th day of March, 2018.

Respectfully submitted by:

S//S Leonard R. Berman

_____