# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MERRICK BONNEAU**, individually and on behalf of a class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF PORTLAND**, *et al.*,<br><br>Defendant. | Case No. 3:18-cv-00518-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Defendant Special Agent Guy Gino moves this Court to dismiss all claims asserted against him in this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure based on the arguments that: (1) Plaintiff has failed to plead sufficient facts to support liability against this Defendant under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); and (2) Agent Gino is entitled to qualified immunity. ECF 21. Plaintiff states in response: "Plaintiff concedes that his current complaint may be somewhat unclear and deficient as to fact specificity related to SA Guy Gino's liability." ECF 24. Plaintiff makes no other argument for why the motion to dismiss should not be granted. Instead, and in the same pleading, Plaintiff moves the Court for leave to amend to cure those admitted defects. ECF 24. Local Rule of Civil Procedure ("LR") 7-1(b) states that "motions may not be combined with any response, reply, or other pleading." LR 7-1(c) further

mandates that "every motion must be supported by a legal memorandum." Plaintiff has violated both of those local rules by simply adding one line requesting leave to amend in an opposition brief relating to Defendant's motion to dismiss.

Plaintiff then moved in a separate motion for leave to file an amended complaint. ECF 35. Plaintiff states that he "seeks to clarify his claims and tortfeasors with the proposed" amended complaint and that "[i]n the interest of justice and judicial efficiency, amending to reflect the proper claims and parties appears to be the most efficient vehicle for making the operative complaint as accurate and viable as possible." ECF 36. Plaintiff's motion to amend, however, fails to comply with LR 15-1(c), which states the requirements for motions to amend. Specifically, LR 15-1(c) provides:

> An amended or supplemental pleading must reproduce the entire pleading and may not incorporate any part of the prior pleading by reference. *In addition, any party moving for leave to file an amended or supplemental pleading must describe the proposed changes.*

LR 15-1(c) (emphasis added). Plaintiff has not described in his motion the proposed changes. Simply stating that "Plaintiff seeks to clarify his claims and tortfeasors with the proposed 2D Amended complaint" (ECF 36) is insufficient to apprise the Court or the opposing parties of the proposed changes.

Plaintiff's Motion for Leave to Amend (ECF 35) is denied for failure to comply with LR 15-1(c). Defendant Guy Gino's Motion to Dismiss Based on Qualified Immunity (ECF 21) is granted.

**IT IS SO ORDERED.**

DATED this 3rd day of July, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge