IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MERRICK BONNEAU**,<br><br>    Plaintiff,<br><br>    v.<br><br>**CITY OF PORTLAND,** *et al.*,<br><br>    Defendant. | Case No. 3:18-cv-518-SI<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

    Plaintiff Merrick Bonneau ("Bonneau") alleges that the City of Portland ("City") and Portland Police Officers Christopher Devlin ("Devlin"), Scott Groshong ("Groshong"), Officer Castaneda ("Castaneda"), Michael Jones ("Jones"), and Timothy Robinson ("Robinson") (collectively, "Defendants") violated Bonneau's Fourth Amendment rights by subjecting him to detention, arrest, and false imprisonment without reasonable suspicion or probable cause.[1]

---

[1] Bonneau originally also asserted a *Bivens* claims against Special Agent Guy Gino ("Gino"), an employee of the U.S. Department of Homeland Security. The Court granted Gino's motion to dismiss based on qualified immunity. ECF 42. Because Gino was the only federal employee named in this lawsuit and Bonneau fails to state a claim against the United States, which Bonneau added as a named defendant in his Amended Complaint (ECF 16), the Court dismisses the United States as a defendant in this action.

Bonneau brings this action under 42 U.S.C. § 1983. He alleges that on April 13, 2016, he was returning home to Portland by Amtrak train. A federal officer (Gino) and several Portland Police Officers (Devlin, Groshong, Castaneda, Jones, and Robinson), with a police dog, insisted on inspecting Bonneau's bags. They detained him, placed him in handcuffs, arrested him, and released him six hours later, after Bonneau opened his bags for the law enforcement officers. Bonneau asserts that he never consented to the search. No charges were brought against Bonneau. ECF 16 (Am. Compl.) ¶¶ 10-12.

Defendants do not deny that they detained Bonneau, placed him in handcuffs, arrested him, and released him approximately six hours later. Specifically, Defendants admit that Portland Police Officers Devin, Groshong, Castaneda, and Jones "either observed, approached, or ultimately detained plaintiff on the Amtrak platform at 800 NW 6th Avenue in Portland on April 13, 2016, when one of the City's police canines, Rex, alerted on plaintiff's luggage for the odor of illegal narcotics, as plaintiff was walking with his luggage down the platform." ECF 18 (Answer) ¶ 10. As affirmative defenses, however, Defendants contend that they had reasonable suspicion to detain Bonneau and probable cause to arrest him. ECF 18 (Answer) ¶¶ 76. Thus, the central issue in this lawsuit is whether Defendants had the lawful authority to detain and arrest Plaintiff.[2]

---

[2] Bonneau's lawsuit is brought as a putative class action. Bonneau's lawyer later moved to withdraw as counsel (ECF 59), and the Court granted that motion. ECF 60. Since then, Bonneau has been representing himself *pro se*. A *pro se* litigant, however, may not represent a class. A representative party must adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a)(4). One of the criteria for determining whether a class representative is adequate is whether that named plaintiff "will vigorously prosecute the interests of the class *through qualified counsel*." *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 626, (6th Cir. 2007) (emphasis added), quoting *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976). Accordingly, the Court dismisses all class action allegations and class claims for want of qualified counsel.

Now pending before the Court are the following motions: (1) Plaintiff's Motion for Leave to Continue the Depositions of Defendants Robinson and Jones (ECF 65); (2) Defendants' Motion for Protective Order (ECF 67); (3) Plaintiff's Motion for Substitution of U.S. Attorney at *Pro Se* Plaintiff's Depositions (ECF 72); (4) Defendants' Motion to Quash (ECF 76); (5) Plaintiff's Motion for Contempt and Sanction (ECF 78); (6) Defendants' Motion for Protective Order to Redact Filed Exhibit (ECF 79); and (7) Plaintiff's Motion for Extension of Discovery Deadline (ECF 87). The Court address each motion in turn.

### 1. Plaintiff's Motion for Leave to Continue Depositions (ECF 65)

On October 30, 2019, Plaintiff's then-counsel, Leonard Berman ("Berman"), took the depositions of Defendants Timothy Robinson and Michael Jones. Bonneau seeks leave to reopen these depositions, arguing that his then-attorney, Berman, did not ask all the questions that Bonneau wanted Berman to ask. Before ruling on Plaintiff's motion, the Court requested that Defendants provide the Court with copies of the transcripts from these depositions. ECF 69. Defendants complied, and the Court has read the entirety of these two transcripts.

Robinson testified that in April 2016 he was a Sergeant with the Portland Police Bureau. At the time of his deposition, he was a Lieutenant. On pages 4-27, Berman asked Robinson essentially background questions. Beginning on page 28, Berman asked Robinson about the incident involving Bonneau that occurred on April 13, 2016. After thoroughly covering that incident, the attorney for Defendant, on page 66, asked Berman whether Berman was "done with this witness." Berman replied, "Yes, I am." (Robinson Tr. 66:15-17.)

Berman then took the deposition of Jones. At the time of the incident in April 2016, Jones was a Portland Police Officer. At the time of his deposition, he was a Portland Police Detective. On pages 4-9, Berman asked Jones essentially background questions. Beginning on page 10, Berman asked Jones about the incident involving Bonneau that occurred on April 13, 2016.

Berman thoroughly questioned Jones about that incident through page 57. On page 58, Berman sated: "I have no further questions." (Jones Tr. 58:3.)

In the absence of a stipulation, a party must obtain leave from the court to reopen a deposition. Fed. R. Civ. P. 30(a)(2)(A)(ii); *accord Couch v. Wan*, 2012 WL 4433470, at *3 (E.D. Cal. Sept.24, 2012). Whether to reopen a deposition lies within the court's discretion. *Couch*, 2012 WL 4433470, at *3 (citing *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D. Kan.1996)). Absent a showing of "good need," a court generally will not order a reopening. *Id.* (citing *Dixon*, 164 F.R.D. at 690; *Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal.1990)); *see also Bookhamer v. Sunbeam Prod., Inc.,* 2012 WL 5188302 at * 2 (N.D. Cal. Oct. 19, 2012).

Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure provides guidance on when there may be "good need." That portion of the rule states:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

In his motion, Bonneau does not explain what additional questions he wanted his then-lawyer Berman to ask either Robinson or Jones. Bonneau also does not explain what additional questions he still needs to ask if these depositions were to be reopened. Further, Bonneau does not identify any questions that were asked that either witness refused to answer or was instructed

not to answer. Bonneau has had ample opportunity to obtain by deposition relevant information from these witnesses in this action. He also has not shown that the reopening of these depositions would not be unreasonably cumulative or duplicative. Finally, the fact that these depositions did not last the entire limit of seven hours per deposition provided for in Rule 30(d)(1) is insufficient, by itself, to show good need. Plaintiff's Motion for Leave to Continue the Depositions of Tim Robinson and Michael Jones (ECF 65) is denied.

### 2. Defendants' Motion for Protective Order (ECF 67)

Defendants move for a protective order precluding the videotaping of any deposition of any Portland Police Officer in the absence of a further protective order limiting the manner of videotaping and the use and dissemination of any such videotaped deposition. Defendants also move for a protective order excluding the deposition of Patty Hanna, a Portland Police Bureau employee whom Defendants represent has no connection with this lawsuit or its events. Plaintiff responds that he spoke with Ms. Hanna in July 2017 and again in February 2019 about Plaintiff's arrest record in this matter. ECF 81 at 2. Plaintiff adds that he has pertinent and valid questions about the "fabricated records" provided by the Defendants in this case. *Id*. Plaintiff may take the deposition of Patty Hanna for up to one hour but may not video record that deposition in any manner without stipulation of the parties or further order of the Court. Defendants' Motion for Protective Order (ECF 67) is granted in part and denied in part.

### 3. Plaintiff's Motion for Substitution of U.S. Attorney at Depositions (ECF 72)

Plaintiff argues that he has had difficulty scheduling depositions in this case due to the limited availability of the Assistant United States Attorney who has been handling this matter. Plaintiff asks that the Court order that a different Assistant United States Attorney be made available so that Plaintiff may complete his depositions. Earlier in this Opinion and Order, however, the Court dismissed the United States as a defendant in this action. *See* n.1, *supra*.

There is, therefore, no need for any Assistant United States Attorney to attend any further depositions in this lawsuit. Plaintiff's Motion for Substitution of U.S. Attorney at Depositions (ECF 72) is denied as moot.

    4.  **Defendants' Motion to Quash (ECF 76)**

Defendants move to quash the deposition subpoenas issued by Plaintiff to City employees Patty Hanna and Amelia Brown and to Portland Police Officer Jason Jones. Defendants argue that these persons have no connection with this lawsuit or its events. Earlier in this Opinion and Order, the Court discussed the deposition of Ms. Hanna. Regarding the deposition of Ms. Brown, Plaintiff asserts that she has knowledge regarding a "Fabricated Evidence/Property Receipt" related to the reports in this case. ECF 81 at 2. Regarding Officer Jason Jones, Plaintiff asserts that this officer was "present and involved" in the Plaintiff's "Arrest and/or Transport." *Id*. As with the deposition of Ms. Hanna, Plaintiff may take the deposition of Ms. Brown and Officer Jason Jones for up to one hour each but may not video record either deposition in any manner without stipulation of the parties or further order of the Court. Defendants' Motion to Quash (ECF 76) is granted in part and denied in part.

    5.  **Plaintiff's Motion for Contempt and Sanction (ECF 78)**

Plaintiff moves for an order of contempt and sanction against Defendants. In response, Defendants explain that they have not obstructed Plaintiff's discovery but have merely filed motions with the Court and were awaiting rulings from the Court. Plaintiff's Motion for Contempt and Sanction (ECF 78) is denied.

    6.  **Defendants' Motion for Protective Order to Redact (ECF 79)**

Defendants move for a protective order redacting Exhibit T to Plaintiff's Memorandum in Support of Plaintiff's Motion for Contempt and Sanction (ECF 78-1) and Exhibit A to Plaintiff's Affidavit in Support of Plaintiff's Motion for Leave to Continue Depositions (ECF 74).

Defendants argue that these filings contain photographs of Portland Police Officers that harms their abilities to work in certain law enforcement assignments, such as undercover operations.

ECF 74 is already under seal and not publicly available. The Court will place Exhibit T (ECF 78-1) under seal but will not order its redaction. Further, if Plaintiff files any further photographs of any Portland Police Officers, he must file them under seal and has leave to do so. Otherwise, Plaintiff risks losing his privilege directly to file documents using the Court's electronic document filing system. Defendants' Motion for Protective Order to Redact (ECF 79) is granted in part and denied in part.

### 7. Plaintiff's Motion for Extension of Discovery Deadline (ECF 87)

Plaintiff moves to extend discovery until July 13, 2020 and to extend the deadline for filing dispositive motions until August 12, 2020. Defendants oppose Plaintiff's motion. Plaintiff's Motion for Extension of Discovery Deadline (ECF 87) is granted.

## CONCLUSION

The Court resolves all pending motions (ECF 65; ECF 67; ECF 72; ECF 76; ECF 78, ECF 79; and ECF 87) as stated in this Opinion and Order. In addition, the Court directs the Clerk of the Court to place ECF 78 (including ECF 78-1) under seal and to maintain ECF 74 and ECF 85 under seal. Discovery is extended until July 13, 2020. Dispositive motions are due no later than August 12, 2020.

**IT IS SO ORDERED.**

DATED this 26th day of March, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge